IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES RUDY LEACH                                                                                    PETITIONER

v.                                                                                            No. 1:21CV146-SA-DAS

UNITED STATES OF AMERICA                                                                     RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of James Rudy Leach for a writ of *habeas corpus* under 28 U.S.C. § 2241. The Government has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition will be dismissed without prejudice for failure to exhaust administrative remedies – and because the underlying issue has not yet matured into an active case or controversy.

**Facts and Procedural Posture[1]**

James Leach has filed a 28 U.S.C. § 2241 petition for writ of *habeas corpus* seeking an order for the State of Mississippi to deliver him to Federal custody or, in the alternative, to order the U.S. Bureau of Prisons ("BOP") to find that his State and Federal sentences run concurrently. Leach is currently serving a state sentence for sexual battery with an anticipated release date of December 10, 2027. The court has no authority to order the state to end its sentence. Once Leach serves his state sentence, he will be released to the custody of the BOP to serve his federal sentence. At that point the BOP will determine if Leach's sentence will be served concurrently with the state sentence – and the length of any Federal incarceration – in accordance with its

---

[1] The court has drawn the facts and procedural posture from the Government's response to the instant petition for a writ of *habeas corpus*, as they are both well-documented and uncontested.

regulations. If Leach is dissatisfied with BOP's calculation, he may contest it and initiate a grievance against BOP through its administrative remedy procedures. Leach must complete the grievance process before seeking relief under 28 U.S.C. § 2241; Leach's motion for relief is thus premature.

## History

In January 2013 a Federal grand jury indicted James Leach on one count of using facilities in interstate commerce to attempt to persuade a minor to engage in illicit sexual activity. Docket 1:13CR11, Doc. 1. Because Leach was in state custody, the government obtained a writ of *Habeas Corpus Ad Prosequendum* to bring Leach's before this court. Docket 1:13CR11, Doc. 4. Leach pled guilty to the offense and received a 120-month sentence of incarceration. Docket 1:13CR11, Docs. 21, 22, and 29.

The court did not specify whether Leach's sentence should run concurrently with any future state sentence. See Plea Agreement, Docket 1:13CR11, Doc. 22; Plea Supplement, Docket 1:13CR11, Doc. 23, and Sentencing Transcript, Docket 1:13CR11, Doc. 31. Leach did not appeal.

Under U.S. Marshals Service policy, Leach was returned to state custody and a detainer was placed on the state to obtain Leach after his state custody expires. According to the BOP inmate locator site, Leach is not yet in Federal custody. Federal Bureau of Prisons Find an Inmate, https://www.bop.gov/inmateloc/ (last visited August 9, 2024).

Leach was then convicted in state court for sexual battery, and on November 15, 2013, he was sentenced to 15 years' incarceration. His anticipated release date is December 10, 2027. See Exhibit 1, James Leach Inmate details.

## Status

He has not begun serving his federal sentence. Any determination of whether Leach will receive credit for time served in state custody – or whether the sentences will run concurrently (in other words, whether Leach will be credited with Federal sentence service for his time in state custody) – will be made by BOP once he enters federal custody, under 18 U.S.C. § 3621(b) (Imprisonment of a convicted person), 18 U.S.C. § 3585 (Calculation of a term of imprisonment), and any other applicable statute, rule, or regulation.

The BOP has notified Leach of this procedure. BOP letter to Leach, Docket 1:21CV146, Doc. 1-3.

### Discussion

As an initial matter, the instant petition must be dismissed without prejudice for failure to exhaust administrative remedies, as Mr. Leach must first exhaust the BOP grievance process before this court may consider the manner in which he serves his federal sentence. *See United States v. Setser*, 607 F.3d 128, 132–33 (5th Cir. 2010), *aff'd,* 566 U.S. 231, 132 S. Ct. 1463, 182 L. Ed. 2d 455 (2012). Once a federal prisoner has exhausted his administrative remedies, he may "fil[e] a *pro se* petition for *habeas* [*corpus*] relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence...." *Dominguez v. Williamson,* 251 F.3d 156, 2001 WL 300705, at *2 (5th Cir. 2001) (emphasis added); *see also Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993) (an inmate seeking relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies through the Bureau of Prisons.)

However, as Leach is not yet in BOP custody, he cannot currently pursue relief through the BOP grievance process. Hence, his request to determine how his federal sentence runs with his state sentence is premature. As set forth above, the BOP has informed Leach about the

procedure, which he may pursue once he has completed his state sentence and is transferred into BOP custody.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 will be dismissed without prejudice for failure to exhaust administrative remedies – and because the ground for relief is not ripe. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 4th day of September, 2024.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE